UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

| | |
|---|---|
| Gaudencio Lopez Berdejo (a.k.a. Eduardo Lopez), and Carlos Lopez, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>- vs. –<br><br>J.R. Beverage Corp., and Douglas Maranda,<br><br>Defendants. | DOCKET NO. 17-cv-1774<br><br>**COMPLAINT** |

Plaintiffs Carlos Lopez and Eduardo Lopez, by and through their undersigned attorneys, for their complaint against Defendants J.R. Beverage Corp. and Douglas Maranda, allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs Carlos Lopez and Eduardo Lopez allege, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to unpaid wages from Defendants for overtime work for which they did not receive proper minimum wages and overtime premium pay as required by law.

2.      Plaintiffs further complain that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for

which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iv) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.    Mr. Eduardo Lopez is an adult individual residing in Brooklyn, New York.

4.    Mr. Carlos Lopez is an adult individual residing in Brooklyn, New York.

5.    Plaintiffs consent in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); their written consent is attached hereto and incorporated by reference.

6.    Upon information and belief, Defendant J.R. Beverage Corp. is a New York corporation with a principal place of business located at 212 Wolcott Street, Brooklyn, New York 11231.

7.    At all relevant times, Defendant J.R. Beverage Corp. has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

8.    Upon information and belief, at all relevant times, Defendant J.R. Beverage Corp. has had gross revenues exceeding $500,000.00.

9.    Upon information and belief, at all relevant times herein, Defendant J.R. Beverage Corp. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

10.    Upon information and belief, at all relevant times, Defendant J.R. Beverage Corp. has constituted an "enterprise" as defined in the FLSA.

11.    Upon information and belief, Defendant Douglas Maranda is an owner or part owner and principal of J.R. Beverage Corp.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

12.    Mr. Maranda was involved in the day-to-day operations of J.R. Beverage Corp. and played an active role in managing the business.

13.    Defendants constituted "employers" of Plaintiffs as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

14.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

15.    Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

16.    Pursuant to 29 U.S.C. § 207, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since March 28, 2014, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid proper minimum wages, or overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

17.     The Collective Action Members are similarly situated to Plaintiffs in that they were employed by Defendants as non-exempt workers, and were denied proper minimum wages, and overtime premiums for hours worked beyond forty hours in a week.

18.     They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them overtime.

19.     The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

20.     At all relevant times herein, Defendants owned and operated a beverage supply business in New York.

21.     Mr. Eduardo Lopez was employed by Defendants as a helper and hand truck operator from approximately 2003 until November 2015. From November 2015 until February 3, 2017, Mr. Eduardo Lopez became a salesperson, because of a back injury.

22.     Mr. Eduardo Lopez's work was performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

23.     At all relevant times herein, Mr. Eduardo Lopez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

24.     Throughout his employment with Defendants, Mr. Eduardo Lopez's regular schedule was five days per week; from Monday to Friday.

25.     During the summer (May through September), Mr. Eduardo Lopez worked shifts from 6:00 A.M. until 4:00 P.M. During the winter (October through April), his shifts lasted from 6:00 A.M. until 2:30 P.M.

26.     Consequently, Mr. Carlos Lopez worked roughly 50 hours per week in the summer, and has roughly 42.5 hours per week in the winter, through each week of his employment with Defendants.

27.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

28.     Defendants always paid Plaintiffs' wages in cash.

29.     From approximately 2011, Mr. Eduardo Lopez was paid $530 per week by Defendants. In approximately July 2016, his salary was reduced to $430 per week.

30.     Mr. Carlos Lopez has been employed by Defendants from approximately January 17, 2011 until the present.

31.     Mr. Carlos Lopez has been employed by Defendants as a helper and hand truck operator, and as of February 3, 2017, now works as a salesperson as well.

32.     Mr. Carlos Lopez's work was performed in the normal course of Defendants' business and is integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

33.     At all relevant times herein, Mr. Carlos Lopez has been an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

34.     Throughout his employment with Defendants, Mr. Carlos Lopez's regular schedule has been five days per week; from Monday to Friday.

5

35.     During the summer (May through September), Mr. Eduardo Lopez works shifts from 6:00 A.M. until 4:00 P.M. During the winter (October through April), his shifts last from 6:00 A.M. until 2:30 P.M.

36.     Consequently, Mr. Carlos Lopez works roughly 50 hours per week in the summer, and works roughly 42.5 hours per week in the winter, through each week of his employment with Defendants.

37.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

38.     Throughout his employment, Mr. Carlos Lopez has been paid at a rate of $350 per week.

39.     Defendants failed to pay Plaintiffs any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

40.     Defendants' failure to pay Plaintiffs the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

41.     Defendants failed to provide Plaintiffs with a wage acknowledgment notice, upon their hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

42.     Upon information and belief, throughout the period of Plaintiffs' employment, both before that time (throughout the Collective Action Period) and continuing until today, Defendants have likewise employed other individuals like Plaintiffs (the Collective Action Members) in positions at Defendants' business that required little

skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

43.     Upon information and belief, these other individuals have worked more than forty hours per week, yet Defendants have likewise failed to pay them minimum wage and/or overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

44.     Upon information and belief, these other individuals were not provided with required wage notices or accurate weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

45.     Upon information and belief, while Defendants employed Plaintiffs and the Collective Action members, and through all relevant time periods, Defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

## COUNT I: Fair Labor Standards Act – Minimum Wage

46.     Plaintiffs, on behalf of himself and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

47.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

48.     Defendants failed to pay a salary greater than the minimum wage to Plaintiffs and the Collective Action Members for all hours worked.

49.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members at a rate at least equal to the federal minimum wage for each

hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

50.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

51.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from defendants their unpaid compensation plus liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<u>**COUNT II: Fair Labor Standards Act - Overtime**</u>

52.     Plaintiffs, on behalf of themselves and all Collective Action Members, repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

53.     At all relevant times, Defendants employed Plaintiffs and the Collective Action Members within the meaning of the FLSA.

54.     Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

55.     As a result of Defendants' willful failure to compensate Plaintiffs and the Collective Action Members at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

8

56.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

57.     Due to Defendants' FLSA violations, Plaintiffs and the Collective Action Members are entitled to recover from Defendants their unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III: New York Labor Law – Minimum Wage

58.     Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

59.     At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

60.     Defendants willfully violated the rights of Plaintiffs by failing to pay them compensation the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

61.     Defendants' failure to pay compensation at the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

62.     Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV: New York Labor Law - Overtime

63.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

64.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

65.    Defendants willfully violated Plaintiffs' rights by failing to pay them overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 142.

66.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

67.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V: New York Labor Law – Wage Theft Prevention Act

68.    Plaintiffs repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

69.    At all relevant times, Plaintiffs were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

70.    Defendants willfully violated Plaintiffs' rights by failing to provide them with the wage notices required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

10

71.    Defendants willfully violated Plaintiff's rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during their employment.

72.    Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiffs are entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of their employment, up to the maximum statutory damages.

73.    Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiffs are entitled to recover from Defendants statutory damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of their employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

a.   Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Plaintiffs and their counsel to represent the Collective Action members;

b.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

c.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d.   Compensatory damages for failure to pay the minimum wage pursuant to the FLSA;

e.   Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

f.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

g.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

h.   Liquidated damages for Defendants' New York Labor Law violations;

i.   Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

j.   Back pay;

k.   Punitive damages;

l.   An award of prejudgment and post judgment interest;

m.   An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n.   Such other, further, and different relief as this Court deems just and proper.

Dated:  March 30, 2017

/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiffs and Proposed*
*FLSA Collective*

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of J.R. Beverages Snapple, Inc. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de J.R. Beverages Snapple, Inc. sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Gaudencio Berdejo Lopez


Date: February 21, 2017

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of J.R. Beverages Snapple, Inc. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit. I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de J.R. Beverages Snapple, Inc. sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos.

_____
Carlos Lopez


Date:  February 21, 2017